# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GLORIA A. RIEGO,**

                            **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-308-Orl-31KRS**

**NEW YORK CITY TRANSIT DEPT. OF
LAW and NEW JERSEY CITY DEPT. OF
LAW,**

                            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration by the Court *sua sponte*.

**I.      INTRODUCTION.**

Plaintiff Gloria A. Riego filed a complaint in this case against the New York City Transit

Department of Law and the New Jersey City Department of Law.  Doc. No. 1.  The complaint

arose from events that occurred in New York and New Jersey.  *Id.*   Riego's complaint does not

allege any violations of federal law or the United States Constitution.  *Id.*  Consequently, it appears

that she intends for this matter to proceed in federal court based upon diversity of citizenship.

On July 25, 2006, I issued an order directing Riego to show cause in writing, filed on or

before August 14, 2006, as to why this case should not be dismissed without prejudice to refiling it

in another district.  Doc. No. 11.  Riego has not responded to the Order to Show Cause, and the

time for doing so has passed.

## II.    ANALYSIS.

The venue statute, 28 U.S.C. § 1391(b), provides as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

If venue is improper, 28 U.S.C. § 1406(a) provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This case has been improperly filed in the Middle District of Florida.  Riego has not made any argument that venue is proper in this Court, and no basis for such a conclusion appears from the complaint.  None of the defendants reside in the Middle District of Florida, the events giving rise to the allegations in the complaint did not take place in this district, and there are other districts in which the action can be brought.  Additionally, it does not appear at this early stage of litigation that it is in the interest of justice to transfer the case rather than to dismiss it without prejudice to refiling in another district.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed without prejudice. I further recommend that the Court thereafter direct the Clerk of the Court to close the file.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Riego at her address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 16, 2006.

Karla R. Spaulding

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy